UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAIZE THOMAS GROS | CIVIL ACTION |
| VERSUS | NO. 21-1783 |
| LAFOURCHE PARISH, ET AL. | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Blaize Thomas Gros filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    BACKGROUND

Gros was a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983.  ECF No. 1, at ¶ III(A), at 3.  Gross named Lafourche Parish, Lafourche Parish medical department, the Federal Emergency Management Agency ("FEMA"), and the Centers for Disease Control and Prevention ("CDC").  *Id*., ¶III(B)-(E), at 4.

### A.    Factual Allegations in the Complaints (ECF No. 1)

Gros alleges that, on July 9, 2021, he became extremely ill while housed in the LPCC.  *Id*., ¶IV, at 4.  He claims that he reported his symptoms, fever, headache, aches and pains, and loss of taste and smell, to the Lafourche Parish medical department.  *Id*.  He was told that he had the flu and about three days later, he was given Tylenol and a sinus pill.  *Id*.  He complains that he was

not tested for COVID-19.  He also claims that inmates who tested positive were sent into the jail population.  He alleges that the CDC failed to investigate events at LPCC to see if the disease was "going on in the state of emergency."  *Id*.  He also alleges that FEMA never went to the prison to check on pretrial inmates during this state of emergency.  *Id*. at 5.  He asserts that the guards knew many people had COVID-19 but did not report it to higher authorities.  He feels as if they left him to die without additional medical care or knowing his medical status.  *Id*.

As relief, Gros requests that a new medical provider be placed at LPCC.  He also seeks financial compensation of $2 million for negligence, gross negligence, indifference to his medical needs and human life, and intentional emotional harm.  *Id*, ¶V, at 6.  He also asked that the defendants pay his filing fee and that there be a class action lawsuit.  *Id*.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1]  A claim is frivolous if it "lacks an arguable basis in law or fact."[2]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).

[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

level of the irrational or wholly incredible . . . ."[4]  A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9]  Thus, the court should assume the veracity of all well-pleaded allegations and view them in the light most favorable to the plaintiff and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

---

[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id.*
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dept.*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[12]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

## B.    Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[16]

---

[11] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*
[13] *Id.*
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

## III.    ANALYSIS

### A.    FEMA and CDC are not State Actors

Gros asserts claims against FEMA and the CDC and alleges that these entities did not inspect or visit LPCC to verify COVID-19 testing and other protocols.  Assuming the truth of his allegations, his claims against these federal agencies are frivolous and otherwise fail to state a claim for which relief can be granted under § 1983.

To be liable under § 1983, a defendant must be a person with authority to act "by virtue of state law," *i.e.* be a state actor.[20]  FEMA and the CDC are federal agencies operating under federal law, and therefore, are not "persons" for purposes of § 1983.[21]  Thus, neither FEMA nor the CDC are appropriate defendants for purposes of this suit under § 1983.  Gros's claims against these defendants should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A as frivolous and for failure to state a claim for which relief can be granted.

---

[17] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[20] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326).
[21] *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987); *Scott v. United States Veteran's Admin.*, 749 F. Supp. 133, 134 (W.D. La. 1990), *aff'd*, 929 F.2d 126 (5th Cir. 1991); *Emerson v. Louisiana*, No. 07-CV-0456, 2008 WL 294899 at *2 (M.D. La. Jan. 31, 2008).

B.    **Claims Against Lafourche Parish Medical Department**

Gros named the Lafourche Parish Medical Department as a defendant. Assuming that an entity by this name exists at LPCC, it is not a suable entity. "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[22] A § 1983 action must be filed against an actual identified person, not a department at the jail.[23]

Accordingly, the claim against the "Lafourche Parish Medical Department" should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim.[24]

C.    **Claims against Lafourche Parish**

Plaintiff seeks to hold Lafourche Parish liable under 42 U.S.C. § 1983 as "overseer" of the medical operations at LPCC. However, "municipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory[.]'"[25] That is, "[t]here is no vicarious

---

[22] *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citations omitted); *Smith v. Lafourche Parish*, No. 21-1714, 2021 WL 4975698, at *2 (E.D. La. Sept. 30, 2021) ("discrete departments of prison facilities are simply not considered to be 'persons' under § 1983."), *R.&R. adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *Brewin v. St. Tammany Par. Corr. Ctr.*, No. 08-0639 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) (§ 1983 action against the prison medical department dismissed because the department is not an independent entity capable of being a party to a lawsuit); *Jiles v. Orleans Par. Prison Med. Clinic*, No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. 2010) ("[a] jail's medical department simply is not a juridical entity capable of being sued"); *see also*, *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) ("A parish jail is not [a suable] entity, but a building").
[23] *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named).
[24] *Accord Lerille v. Lafourche Parish*, No. 21-1729, 2021 WL 4975754, at *2 (E.D. La. Sept. 30, 2021), *R.&R. adopted by* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).
[25] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (quoting *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 611, 691 (1978)).

municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'"[26]  To assert liability under *Monell*, a plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[27]

Gros has not alleged or identified any parish policy that caused him harm or led to his concerns about the COVID-19 protocols and medical treatment for inmates within the LPCC.  The Parish cannot be held vicariously liable without a showing that a specific parish policy caused plaintiff some constitutional harm.

Furthermore, Lafourche Parish is not the "overseer" of the medical department at the jail. In Louisiana, the Parish government has *no* authority over the general management of the jail or its medical care provider.[28]  Instead, under Louisiana law, the Parish government is only responsible for the financing and physical maintenance of the jail building[29] and appointing or contracting with a health care provider to tend to the medical needs of the inmates.[30]  With regard to the medical care provider, the Parish government's "sole responsibility shall be . . . its

---

[26] *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691)); *Burge*, 187 F.3d at 470 (quoting *Monell*, 436 U.S. at 691); *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell*, 436 U.S. at 694).
[27] *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).
[28] *Jones*, 4 F. Supp. 2d at 613.
[29] *See* LA. REV. STAT. ANN. § 15:304 ("All expenses incurred in the different parishes of the state or in the city of New Orleans by . . . confinement . . . of persons accused or convicted of crimes . . . shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."); LA. REV. STAT. ANN. § 15:702 ("The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."); LA. REV. STAT. ANN. § 33:4715 ("The police jury of each parish shall provide . . . a good and sufficient jail . . .")
[30] *Id.*, § 15:703.

contractual obligations with [the] health care provider," and *not* how the medical care is administered.[31]

Gros has failed to state a non-frivolous claim against Lafourche Parish. His claims against the Parish should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim.

### D.    Claims of Indifference to Conditions and Medical Care

Even if Gros could identify a proper defendant answerable under § 1983, his claims of indifference to his safety and medical needs are frivolous.

### 1.  No Deliberate Indifference to Conditions of Confinement

The treatment a prisoner, whether pretrial or convicted, receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.[32] "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[33] In other words, the prison official must have a sufficiently culpable state of mind, one of "deliberate indifference" to inmate health or safety.[34] To find that an official is deliberately indifferent, it must be proven that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[35]

---

[31] *Id*., § 15:703(D); *accord Belcher v. Lopinto*, No. 18-7368, 2020 WL 5891583, at 5 (E.D. La. Oct. 5, 2020) (Under Louisiana law, a parish government is not policy maker for the prison and had no duty to monitor or verify the performance of medical services it contracted with for the jail).
[32] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[33] *Id*. at 847.
[34] *Id*.
[35] *Id*. at 837.

Broadly construing his claims, Gros alleges that he was not tested for COVID-19 or quarantined when he complained of flu-like symptoms. He instead was returned to general population with medication to treat his symptoms without regard for the possible spread of COVID-19. In addition, he claims that LPCC officials knowingly allowed other inmates who previously tested positive for COVID-19 to live in general population without regard for the life-threatening spread of the disease.

During the COVID-19 pandemic, courts have remained mindful that "[a] detention facility's protocols for isolating individuals, controlling the movement of its staff and detainees, and providing medical care are part and parcel of the conditions in which the facility maintains custody over detainees."[36] As the Fifth Circuit has explained, the Constitution does not require prison officials to adopt the CDC guidelines or implement those guidelines to satisfy their duty to provide for inmate safety and care within prisons.[37]

To state a claim of intentional indifference, Gros would have to allege more than that the officials failed to comply with CDC recommendations or were negligent in protecting inmates from COVID-19. "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'"[38] Gros alleges only that LPCC authorities knew that inmates who had tested positive were being sent into general population but does not specify *when* these inmates tested positive in relation to their return to general population. The fact that an inmate tested positive at some point does not mean that they

---

[36] *Sacal-Micha v. Longoria*, 449 F. Supp.3d 656, 663 (S.D. Tex. 2020).
[37] *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020).
[38] *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation and quotation marks omitted).

were still contagious when placed back in general population or that the prison officials knew that they posed a danger to others.  It is widely apparent that people who test positive do recover from COVID-19 and at points, are no longer contagious.  The prison officials' mere knowledge that inmates who had previously tested positive were back in general population does not itself establish an intentional indifference to the safety and health of inmates or other prison officials, who also would be endangered by a wanton disregard for the spread of COVID-19 amongst the inmates they guard.

Regardless, Gros's concern for or fear of potential dangers simply is not enough to support a § 1983 claim arising from the conditions of confinement.[39]  Under the Prison Litigation Reform Act ("PLRA"), a plaintiff cannot recover compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."[40]  Gros has not alleged any direct physical injury as the result of the alleged return of COVID-19 positive inmates into the general population.  Without resultant physical injury, § 1997e(e) precludes recovery of damages for mental and emotional injury.[41]

---

[39] *See Hamby v. Warden, Estelle Unit*, No. 20-3428, 2020 WL 7081606, at *2 (S.D. Tex. Dec. 3, 2020) (citing *United States v. Koons*, 455 F. Supp.3d 285, 292 (W.D. La. 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."), and *Van Dyke v. La. Dept. of Corr.*, No. 20-0448, 2020 WL 1869016, at *2 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress)); *Boyce v. Harris County Jail*, No. 20-2971, 2020 WL 7024665, at *2 (S.D. Tex. Nov. 30, 2020) (same); *Sheppard v. Etiefer*, No. 20-343, 2020 WL 4495298 at *3 (E.D. Tex. Jul. 1, 2020) (same), *R.&R. adopted by* 2020 WL 4464582, at *1 (E.D. Tex. Aug. 4, 2020).
[40] 42 U.S.C. § 1997e(e).
[41] *Hamby*, 2020 WL 7081606, at *2.

### 3.  No Indifference to Medical Needs

A prisoner, whether pretrial or convicted, may succeed on a claim under § 1983 for inadequate medical care only if he demonstrates that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors.[42]  Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[43]  "Such a showing requires the inmate to allege that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[44]

An inmate's claims of negligent care or his mere disagreement with the speed, quality, or extent of medical treatment received, however, does not give rise to a § 1983 claim.[45]  Indeed, a delay in receiving medical treatment is only actionable when the delay is caused by defendants' deliberate indifference and the delay results in substantial harm to the plaintiff.[46]

---

[42] *Estelle v. Gamble*, 429 U.S. 429 U.S. 97, 106 (1976).

[43] *Id.* at 104-05.

[44] *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quoting *Domino v. Tex. Dept. of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

[45] *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citation omitted) (although inmate died, active treatment of his serious medical condition refuted claim of deliberate indifference, even if treatment was negligently administered); *accord Rowe v. Norris*, 198 F. App'x 579, 2006 WL 2711945, at *2 (8th Cir. 2006) (no constitutional violation when inmate disagreed with physician's choice of medication); *Marksberry v. O'Dea*, 173 F.3d 855, 1999 WL 98533, at *2 (6th Cir. Jan. 28, 1999) (alleged inadequate treatment for broken hand failed to state constitutional violation, when inmate was examined by physician and received x-rays and medication); *Williams v. Browning*, No. 03-157, 2006 WL 83433, at *1, *3 (S.D. Tex. Jan. 11, 2006) (inmate with diabetes, hypertension, anxiety and chronic knee ailment alleged he was unable to timely obtain his medications did not establish any substantial harm from the delay and failed to state a claim for deliberate indifference).

[46] *See, e.g.*, *Clark v. Gusman*, No. 11-2673, 2012 WL 1825306, *4 (E.D. La. Mar. 29, 2012) (three week delay before seeing a doctor was not unreasonable for nonemergency care).

Gros alleges that he reported his symptoms to medical personnel, was diagnosed with the flu, and given medication. His complaint is not that he was denied care for his actual symptoms, but instead, that he was not tested for COVID-19 which has similar symptoms to the flu. Gros's disagreement with the course of treatment he received for his symptoms and any brief delay in receiving his prescribed medication do not amount to deliberate indifference or state a constitutional violation in this case. Similarly, while Gros may have a legitimate concerns about potential increases in his exposure to COVID-19 in the jail, his emotional distress and fear are not sufficient to state a claim for relief under § 1983.[47]

### 4. Summary

Gros has failed to state a non-frivolous claim of deliberate indifference to his safety or his medical care at the LPCC. His disagreement with the LPCC COVID-19 protocols and the course of treatment provided for his flu-like symptoms does not support a claim under § 1983. This court has previously dismissed a number of similar § 1983 claims filed by other LPCC inmates against these same defendants.[48] Gros's claims also should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim.

---

[47] *See Hamby*, 2020 WL 7081606, at *2.

[48] *See, e.g., Smith v. Lafourche Parish*, No. 21-1714, 2021 WL 4975698, at *1 (E.D. La. Sep. 30, 2021), *R.&R. adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26. 2021) (claims regarding COVID-19 protocols and deliberate indifference to health and safety brought against Lafourche Parish, Lafourche Parish Medical Department, FEMA, and CDC dismissed as frivolous and for failing to state a claim upon which relief can be granted); *Galliano v. Lafourche Parish*, No. 21-1727, 2021 WL 4501775, at *1 (E.D. La. Sep. 30, 2021), *R.&R. adopted by* 2021 WL 4501776, at *1 (E.D. La. Oct. 1, 2021) (same); *Lerille v. Lafourche Parish*, No. 21-1729, 2021 WL 4975754, at *1 (E.D. La. Sep. 30, 2021), *R.&R. adopted by* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021) (same); *LeBlanc v. Lafourche Parish*, No. 21-1784, 2021 WL 6107828, at *1 (E.D. La. Oct. 4, 2021), *R.&R. adopted by* 2021 WL 5231873, at *2 (E.D. La. Nov. 10, 2021) (same); *Slade v. Lafourche Parish*, No. 21-1816, 2021 WL 5054630, at *1 (E.D. La. Sep. 7, 2021), *R.&R. adopted by* 2021 WL 5051915, at *1 (E.D. La. Nov. 1, 2021) (same); *Payne v. Lafourche Parish*, No. 21-1826, 2021 WL 6066461, at *1 (E.D. La. Nov. 18, 2021), *R.&R. adopted by* 2021 WL 6063285, at *1 (E.D. La. Dec. 22, 2021) (same); *Dean v. Lafourche Parish*, No. 21-1849, 2021 WL 5854462, at *1 (E.D. La. Nov. 18, 2021), *R.&R. adopted by* 2021 WL 5834295, at *1 (E.D. La. Dec. 9, 2021) (same); *Benoit v. State of Louisiana*, No. 21-1887, 2021 WL 5569667, at *1 (E.D. La. Nov. 8, 2021), *R.&R. adopted by* 2021 WL 5565800,

### E.    <u>State Law Tort Claims</u>

Gros alleges that the LPCC officials have acted negligently in the handling of COVID-19 pandemic within the jail.  He seeks monetary relief related to their negligence, gross negligence, and intentional emotional harm.  As noted above, claims based on negligent and tortious acts are not sufficient to state a § 1983 claim.  To the extent Gros intended to assert these tort claims under state law, they involve purely state law questions that are best and ordinarily left to the state courts to decide.

Because I recommend that Gros's § 1983 claims be dismissed and no possible basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint, the court has discretion either to decline or exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).  Considering the statutory provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity and considering the early stage of this proceeding, the Court should decline to exercise jurisdiction over any state law tort or negligence claims and dismiss them without prejudice.

## IV.    <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that plaintiff Blaize Thomas Gros's 42 U.S.C. § 1983 claims against defendants Lafourche Parish, Lafourche Parish Medical Department, FEMA, and the CDC be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted.

---

at *1 (E.D. La. Nov. 29, 2021) (same, with additional defendants, State of Louisiana and Governor John Bell Edwards).

**IT IS FURTHER RECOMMENDED** that Gros's state law tort and negligence claims be **DISMISSED WITHOUT PREJUDICE** because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[49]

New Orleans, Louisiana, this ___11th___ day of January, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[49] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.